UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOE HAND PROMOTIONS, INC.,

                Plaintiff,

-against-                                                    7:15-CV-1334 (LEK/TWD)

DONALD J. MEUNIER, *et al*.

                Defendants.

**DECISION and ORDER**

## I. INTRODUCTION

Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") commenced this action on November 15, 2015, alleging that Defendants 3M 2P, Inc. d/b/a Rio Music Theater a/k/a Rio ("3M 2P") and Donald J. Meunier, individually and as an officer, director, shareholder and/or principal of 3M 2P (collectively, "Defendants") illegally obtained and exhibited "UFC 173: Barao v. Dillashaw" ("UFC 173") on May 24, 2014, in violation of 47 U.S.C. §§ 605 and 553. Dkt. No. 1 ("Complaint"). Plaintiff has filed a Motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b). Dkt. No. 11 ("Motion"). For the following reasons, the Motion is denied without prejudice.

## II. BACKGROUND

Plaintiff is a distributor of sports and entertainment programming to commercial establishments. Dkt. No. 11-1 ("Memorandum") at 2. After entering into an agreement with the promoter of the event, Plaintiff was given exclusive rights to license the exhibition of UFC 173 to commercial establishments, such as restaurants, bars, and casinos. Compl. ¶ 14. In an effort to combat piracy of programs such as UFC 173, Plaintiff hired auditors to visit locations that had not contracted with Plaintiff to broadcast the event. Dkt. No. 11-2 ("Joe Hand Affidavit") at 2.

On May 24, 2014, an auditor hired by Plaintiff entered the Defendants' establishment after paying a ten-dollar cover charge. Dkt. No. 11-3 ("Piracy Affidavit"). Thereafter, the auditor witnessed UFC 173 being displayed on one large television to between fifty and seventy-five patrons. Id. Additionally, Plaintiff submitted screenshots of Defendants' social media page, which advertised the broadcast of UFC 173 and other similar UFC events to which Plaintiff had exclusive rights. See Dkt. No. 11-7 ("Exhibit A"). Defendants did not have a contract with Plaintiff to broadcast the event, and therefore Plaintiff alleges unlawful interception, receipt, and exhibition of UFC 173. Compl. ¶ 17. Plaintiff also asserts that there is no means by which Defendants could have obtained UFC 173 accidentally, as some overt action is required to descramble the signal. See Compl. ¶ 18; Mem. at 4.

After unsuccessful attempts by Plaintiff to resolve the matter at hand informally, Plaintiff initiated this action, seeking damages under 47 U.S.C. §§ 605 or 553. Compl. ¶ 30. Defendant did not file a responsive pleading, and on January 26, 2016, the Clerk filed an Entry of default against Defendant at Plaintiff's request. See Dkt. Nos. 8; 9. On February 26, 2016, Plaintiff filed the instant Motion for default judgment. Mot. Plaintiff seeks damages totaling $60,590.00 in the aggregate, which includes statutory damages, enhanced statutory damages, and costs. Mem. at 6-12.

### III. LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." Elec. Creations Corp. v. Gigahertz, Inc., No. 12-CV-1423, 2013 WL 3229125, at *3 (N.D.N.Y. June 25, 2013) (quoting Robertson v. Doe, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008)). "First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's default."

2

Id. Second, under Federal Rule of Civil Procedure 55(b)(2), "the party seeking default judgment is required to present its application for entry of judgment to the court." Id.

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974); see also Bravado Int'l, 655 F. Supp. 2d at 189. "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." Robertson, 2008 WL 2519894, at *3. "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Int'l, 655 F. Supp. 2d at 189. "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" Id. at 190.

Under Local Rule 55.2(b), the moving party must submit with its motion for default judgment: (1) a clerk's certificate of entry of default; (2) a proposed form of default judgment; (3) a copy of the pleading to which no response has been made; and (4) an affidavit. L.R. 55.2(b). The affidavit must set forth that: (1) the party against whom judgment is sought is not an infant, incompetent, or in military service; (2) the party against whom judgment is sought has defaulted in appearance in the action; (3) service was properly effected under Federal Rule of Civil Procedure 4; (4) the amount sought is justly due and owing, and no part has been paid; and (5) the disbursements sought to be taxed have been made in the action or will necessarily be made or incurred.

L.R. 55.2(a).

## IV. DISCUSSION

Plaintiff has failed to comply with Local Rule 55.2(b), which requires the moving party to submit a copy of the pleading to which no response was made. L.R. 55.2(b). Plaintiff did not submit a copy of the Complaint with its Motion for default judgment. Mot. If Plaintiff wishes to file a new motion for default judgment, it must do so **within thirty (30) days** after the entry of this Decision and Order. Plaintiff's new motion must conform to the requirements of the Federal Rules of Civil Procedure and the Local Rules, and must contain the supporting documentation required by statute and rule. Failure to file a conforming motion will result in dismissal of this action with prejudice.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 11) for default judgment is **DENIED**; and it is further

**ORDERED**, that if Plaintiff wishes to file a new motion for default judgment, the motion must comply with the Federal Rules of Civil Procedure and the Local Rules and be filed **within thirty (30) days** after the entry of this Decision and Order; and it is further

**ORDERED**, that if Plaintiff does not file a new, conforming motion **within thirty (30) days**, this action will be **DISMISSED with prejudice** without further order of the Court, and the Clerk is directed to enter judgment accordingly and close the case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

DATED:	June 30, 2016
	Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge