UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOE HAND PROMOTIONS, INC.,

                              Plaintiff,

    -against-                                  7:15-CV-1334 (LEK/TWD)

DONALD J. MEUNIER, *et al.*,

                              Defendants.

## **DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Joe Hand Promotions, Inc. commenced this action on November 15, 2015, alleging that Defendants 3M 2P, Inc. d/b/a Rio Music Theater a/k/a Rio ("3M 2P") and Donald J. Meunier, individually and as an officer, director, shareholder and/or principal of 3M 2P, illegally obtained and exhibited "UFC 173 Barao v. Dillashaw" ("UFC 173") on May 24, 2014, in violation of 47 U.S.C. §§ 605 and 553. Dkt. No. 1 ("Complaint"). Plaintiff now files a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b). Dkt. No. 13 ("Motion"). For the following reasons, the Motion is granted.

**II.    BACKGROUND**

Plaintiff is a distributor of sports and entertainment programming to commercial establishments. Dkt. No. 13-1 ("Memorandum") at 2. After entering into an agreement with the promoter of the event, Plaintiff was given exclusive rights to license the exhibition of UFC 173 to commercial establishments, such as restaurants, bars, and casinos. Compl. ¶ 14. In an effort to combat piracy of programs such as UFC 173, Plaintiff hired auditors to visit locations that had not contracted with Plaintiff to broadcast the event. Dkt. No. 13-2 ("Joe Hand Affidavit") ¶ 6.

On May 24, 2014, an auditor hired by Plaintiff entered Defendants' establishment after paying a ten-dollar cover charge. Dkt. No. 13-4 ("Piracy Affidavit") at 1. Thereafter, the auditor witnessed UFC 173 being displayed on one large television to between fifty and seventy-five patrons. Id. at 1–2. Additionally, Plaintiff submitted screenshots of Defendants' social media page, which advertised the broadcast of UFC 173 and other similar UFC events to which Plaintiff had exclusive rights. See Dkt. No. 13-3 ("Exhibit A"). Defendants did not have a contract with Plaintiff to broadcast the event, and therefore Plaintiff alleges unlawful interception, receipt, and exhibition of UFC 173. Compl. ¶ 17. Plaintiff also asserts that there is no means by which Defendants could have obtained UFC 173 accidentally, as some overt action is required to circumvent Plaintiff's licensing structure. See id. ¶ 18; Mem. at 3–4. Finally, Plaintiff alleges that Meunier both had the authority to supervise 3M 2P on the night of UFC 173, and that he stood to financially benefit from showing the event. Compl. ¶ 7.

After unsuccessful attempts by Plaintiff to resolve the matter at hand informally, Plaintiff initiated this action, seeking damages under 47 U.S.C. §§ 605 or 553. Compl. ¶ 30. Defendants did not file a responsive pleading, and on January 26, 2016, the Clerk filed an entry of default against Defendants at Plaintiff's request. See Dkt. Nos. 8, 9. On February 26, 2016, Plaintiff filed a motion for default judgment. Dkt. No. 11 ("First Default Motion"). In a June 30, 2016 Decision and Order, the Court denied the First Default Motion because Plaintiff failed to comply with Local Rule 55.2(b), which requires the moving party to submit a copy of the pleading to which no response was made. Dkt. No. 12 ("June Order") at 4. Plaintiff now files a second motion for a default judgment and again seeks damages and costs totaling $60,590.00. Mem. at 6–12.

## III. LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." Elec. Creations Corp. v. Gigahertz, Inc., No. 12-CV-1423, 2013 WL 3229125, at *3 (N.D.N.Y. June 25, 2013) (quoting Robertson v. Doe, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008)). "First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's default." Id. Second, under Federal Rule of Civil Procedure 55(b)(2), "the party seeking default judgment is required to present its application for entry of judgment to the court." Id.

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974); see also Bravado Int'l, 655 F. Supp. 2d at 189. "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." Robertson, 2008 WL 2519894, at *3. "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Int'l, 655 F. Supp. 2d at 189. "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" Id. at 190.

Under Local Rule 55.2(b), the moving party must submit with its motion for default

judgment: (1) a clerk's certificate of entry of default, (2) a proposed form of default judgment, (3) a copy of the pleading to which no response has been made, and (4) an affidavit. L.R. 55.2(b). The affidavit must set forth that: (1) the party against whom judgment is sought is not an infant, incompetent, or in military service; (2) the party against whom judgment is sought has defaulted in appearance in the action; (3) service was properly effected under Federal Rule of Civil Procedure 4; (4) the amount sought is justly due and owing, and no part has been paid; and (5) the disbursements sought to be taxed have been made in the action or will necessarily be made or incurred. L.R. 55.2(a).

**IV.    DISCUSSION**

The Court's June Order denied Plaintiff's First Default Motion because it failed to comply with the Local Rules. In particular, the First Default Motion did not include a copy of the Complaint, as required by Local Rule 55.2(b). First Default Mot. Plaintiff's current Motion was filed along with a copy of the Complaint, and the Motion meets all of the other requirements imposed by Local Rule 55.2(b). Mot. Additionally, Plaintiff's attorney's declaration contains all of the information required by Local Rule 55.2(a). Dkt. No. 13-7 ("Jekielek Declaration"). Accordingly, the Court now considers the substance of Plaintiff's Motion.

In the motion for default judgment, Plaintiff seeks damages under 47 U.S.C. § 605,[1] which provides that "no person not being authorized by the sender shall intercept any radio

---

[1] The Second Circuit has held that when a defendant is liable under both §§ 605 and 553, as Plaintiff alleges here, a plaintiff may recover damages under only one of the statutes. Int'l Cablevision, Inc. v. Sykes, 75 F.3d 123, 130 (2d Cir. 1996). As § 605 provides for greater recovery than § 553, Joe Hand Promotions, Inc. v. Trenchard, No. 12-CV-1099, 2014 WL 854537, at *3 (D. Conn. Mar. 3, 2014), Plaintiff has elected to seek damages pursuant to § 605, Mem. at 5.

4

communication and divulge or publish the . . . contents . . . of such intercepted communication to any person." 47 U.S.C. § 605(a). "Section 605(a) has been held to apply to the interception of cable communications originating as a satellite or radio transmission." Innovative Sports Mktg., Inc. v. Aquarius Fuente De Soda, Inc., No. 07-CV-2561, 2009 WL 3173968, at *5 (E.D.N.Y. Sept. 30, 2009). Plaintiff has adequately alleged that Defendants violated § 605(a) in this case. Where a violation of § 605 has occurred, a plaintiff is entitled to collect statutory damages and, if "the violation is 'willful' and 'for purposes of . . . commercial advantage,' a court may award what is commonly referred to 'as enhanced damages.'" Joe Hand Promotions, Inc. v. Rodriguez, No. 06-CV-6709, 2008 WL 1990777, at *3 (S.D.N.Y. May 6, 2008) (quoting 47 U.S.C. § 605(e)(3)(C)(ii)).

### A. Statutory Damages

Section 605(e) authorizes statutory damages of no less than $1,000 and no more than $10,000 for each violation of § 605(a), and it grants courts the authority to award damages within that range "as the court considers just." 42 U.S.C. § 605(e)(3)(C)(i)(II). "In exercising such discretion, courts typically balance the financial harm suffered by the plaintiff with the financial burden on the defendants of a hefty damages award." Trenchard, 2014 WL 854537, at *3.

Plaintiffs request the maximum statutory damages of $10,000, Mem. at 6, but courts in this circuit rarely grant the maximum allowable damages, Trenchard, 2014 WL 854537, at *3. Instead, several courts have used the following formula for calculating damages: they multiply the number of patrons who viewed the event by $54.95, which has been used as the estimated residential fee for a pay-per-view broadcast. Joe Hand Promotions, Inc. v. Blais, No. 11-CV-1214, 2013 WL 5447391, at *4 (E.D.N.Y. Sept. 30, 2013) (collecting cases). As Plaintiff

5

alleges that at least fifty patrons were present for UFC 173, Piracy Aff. at 1–2, the Court multiplies that number by $54.95 to calculate statutory damages, which amount to $2,747.50. This amount is sufficient to compensate Plaintiff for its lost revenue—Plaintiff would have charged Defendant $1,600 to purchase and display UFC 173 for its patrons, Dkt. No. 13-6 ("Rate Card") —and it is in line with the statutory damages that other courts have awarded under similar circumstances, Joe Hand Promotions, Inc. v. Liriano, No. 06-CV-2940, WL 2078764, at *1 (E.D.N.Y. July 18, 2007).

### B. Enhanced Damages

Under § 605(e), courts also have the discretion to award up to $100,000 in enhanced damages where the violation of § 605(a) was "committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain." 42 U.S.C. § 605(e)(3)(C)(ii). Plaintiff has alleged that Defendants willfully violated the statute, Compl. ¶ 17, and Plaintiff's description of the potential methods Defendants must have used to intercept and broadcast UFC 173, Dkt. No. 13-2 ("Joe Hand Affidavit") ¶ 9, supports the allegation of willfulness. Other district courts in this circuit have frequently granted enhanced damages in similar cases. Joe Hand Promotions, Inc. v. Wall St. Rest., LLC, No. 14-CV-44267, 2015 WL 2084637, at *5 (E.D.N.Y. May 4, 2015) (collecting cases). Therefore, the Court finds that enhanced damages are appropriate in this case.

In order to determine the proper amount of enhanced damages in such cases, courts generally consider the following factors: "allegations of: (1) repeated violations over an extended period of time; (2) substantial unlawful monetary gains; (3) significant actual damages to plaintiff; (4) defendant's advertising for the intended broadcast of the event; and (5) defendant's

charging a cover charge or charging premiums for food and drinks." Trenchard, 2014 WL 854537, at *4. Here, Defendants benefitted from a ten dollar cover charge, Piracy Aff. at 1, they advertised for the event, Dkt. No. 13-3 ("Advertisements"), and they received substantial monetary gains by not paying the required licensing fee and presumably by selling drinks to patrons watching the event.

Under similar circumstances, other courts in this circuit have assessed enhanced damages equal to two times the amount of statutory damages, which effectively amounts to an award of treble damages. See Wall St. Rest., LLC, 2015 WL 2084637, at *6 (trebling the statutory damages where the defendant benefited from a twelve dollar cover charge, but there was no evidence that they advertised for the event); Joe Hand Promotions, Inc. v. La Nortena Rest. Inc., No. 10-CV-4965, 2011 WL 1594827, at *5 (E.D.N.Y. Mar. 28, 2011) (trebling the statutory damages where defendants advertised and imposed a cover charge for the event, but there was no evidence of repeated violations of § 605), adopted by 2011 WL 1598945 (E.D.N.Y. Apr. 27 2011) . In this case, the Court finds that an enhanced damages award of twice the statutory damages is sufficient to compensate Plaintiff and to deter Defendants from future violations.

**C. Attorneys' Fees and Costs**

Plaintiff is entitled to recover costs and reasonable attorneys' fees. 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff seeks to recover costs of $590, Mem. at 12, consisting of $400 to file the action and $190 to effectuate service, Jekielek Aff. ¶ 9. Plaintiff does not, however, include an estimate of attorneys' fees, instead requesting permission to file a separate fee affidavit. Mem. at 5 n.1. The Court finds that Plaintiff is entitled to $590 in costs, and that it may file a separate

motion for attorneys' fees within fourteen days of the entry of judgment. See Fed. R. Civ. P. 54(d)(2)(B)(i).

### D. Liability

Plaintiff seeks to hold Meunier individually liable for 3M 2P's violation of § 605. In order to hold a defendant individually liable under § 605, the plaintiff must "show that she had the 'right and ability to supervise' the infringing acitivities and that she had 'an obvious and direct financial interest' in the pirated broadcast." Trenchard, 2014 WL 854537, at *2 (quoting Kingvision Pay-Per-View Ltd. v. Olivares, No. 02-CV-6588, 2004 WL 74426, at *5 (S.D.N.Y. Apr. 5, 2004)). The Complaint alleges, upon information and belief, that Meunier was one of "the individuals with supervisory capacity and control over the activities occurring within the establishment on May 24, 2014," and that he "received a financial benefit from the operations of 3M 2P, INC." Compl. ¶¶ 7–8. Because Meunier defaulted in this action, Plaintiff's allegations are deemed admitted. Blais, 2013 WL 5447391, at *3 (citing Fong v. United States, 300 F.2d 400, 409 (9th Cir. 1962)). Accordingly, the Court concludes that Meunier may be held jointly and severally liable under § 605.

### V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for Default Judgment (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED**, that judgment of $8,242.50 in damages and $590 in costs shall enter in favor of Joe Hand Promotions, Inc. and against Donald J. Meunier and 3M 2P, Inc., jointly and severally; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: January 05, 2017
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge